UNPUBLISHED OPINION

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| Anthony CAGNINA, | |
| Plaintiff, | Civil No. 16-7253 (RBK) |
| v. | **OPINION** |
| Gary LANIGANI, *et al.*, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the Motion for Partial Summary Judgment of Defendants University Correctional Healthcare Rutgers, Monica Tsakiris, Melissa Curtis, and Angela Luciano-Champoux (collectively, the "Defendants"). (ECF. No. 46.) Defendants argue that Plaintiff has failed to submit an adequate affidavit of merit for his tort claims and that his complaint must be dismissed. We find that Plaintiff's affiant, an orthopedic doctor, is adequately qualified to provide an affidavit of merit, however, and Defendants' motion is therefore **DENIED**.

I. **THE FACTS**

Plaintiff Anthony Cagnina originally filed a pro se complaint alleging, among other things, medical malpractice claims against Defendants arising from his treatment at prison medical facilities. In this Court's screening opinion pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A, this Court permitted those medical malpractice claims to proceed. (*See* Screening Opinion, ECF No. 6.) He has since been appointed counsel and has filed an amended complaint. (ECF No. 62.)

1

Although a precise recounting of the facts is unnecessary for resolution of this motion, Plaintiff, an inmate at South Woods State Prison in Bridgeton, New Jersey, alleges symptoms of shoulder and back pain that have received insufficient attention by medical authorities. Monica Tsakiris and Melissa Curtis are nurses who are alleged to have acted with deliberate indifference and medical negligence with respect to Plaintiff's complaints of pain during his visits to the hospital. Angela Luciano-Champoux ("Luciano"), a physical therapist, treated Plaintiff in some sessions and is similarly alleged to have responded to his complaints with deliberate indifference and negligence.

Today the Court addresses the adequacy of Plaintiff's affidavit of merit. This Court previously ordered Plaintiff to submit an affidavit of merit once he was appointed counsel, and on November 8, 2017, Plaintiff presented to Defendants an affidavit of merit authored by Dr. Jonathon L. Fox, a board-certified orthopedic surgeon who has practiced orthopedic surgery for at least 25 years. (Def. SUMF at ¶ 15; Def. Ex. B.) Defendants objected to the sufficiency of this, however, maintaining that Dr. Fox is not qualified to provide an affidavit of merit with respect to Defendants Tsakiris and Curtis, who are Advanced Practice Nurses ("APN"), and Defendant Luciano, a Physical Therapist ("PT"). They have since moved for summary judgment on this issue.

## II. THE SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the Court is satisfied that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A genuine dispute of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When a court weighs

the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

If the party seeking summary judgment makes this showing, it is left to the nonmoving party to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" *Corliss v. Varner*, 247 F. App'x. 353, 354 (3d Cir. Sept. 17, 2007) (quoting *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2002)).

In deciding the merits of a party's motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the fact finder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

## III. DISCUSSION

Defendants argue that Dr. Fox, the orthopedic surgeon who provided an affidavit of merit for Plaintiff's tort claims, cannot provide an affidavit of merit against Defendants Tsakiris and Curtis, who are Advanced Practice Nurses, and Luciano, who is a Physical Therapist. Defendants argue that Dr. Fox, the "licensed person" providing Plaintiff's affidavit, cannot provide an affidavit because his "completely different educational and professional background in orthopedic surgery disqualifies him from criticizing nurse practitioners and physical therapists who, by design, are not expected to demonstrate the same level of awareness and expertise as a Board-certified physician specialist." (Def. Br. at 7.) Put differently, because Dr. Fox is not an Advanced Practice Nurse or Physical Therapist, he cannot provide an affidavit of merit, and Plaintiff must therefore find an APN and a PT to satisfy the affidavit of merit statute for his medical malpractice claims. And as an adequate affidavit of merit is required to state a cause of action, Defendants argue this failure requires dismissal under N.J. Stat. Ann. § 2A:53A-29.

We begin by noting that New Jersey's affidavit of merit statute, N.J. Stat. Ann. § 2A:53A-27, is a screening statute designed "to weed out frivolous claims against licensed professionals early in the litigation process." *Meehan v. Antonellis*, 226 N.J. 215, 227 (2016). While Defendants may be correct that Dr. Fox may not be qualified to opine on the standard of care for a nurse or physical therapist, an issue we do not decide today, the affidavit of merit requirement does not function as a *Daubert* inquiry at the pleading stage. Rather, it acts as a check against "unmeritorious claims against licensed professionals," while permitting "meritorious claims to proceed efficiently through the litigation process." *Meehan*, 226 N.J. at 229. Although not perfectly analogous, this requirement is akin to Rule 11's requirement that a litigant "stop,

think, investigate and research before filing papers with the court." *Gaiarado v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987).

We turn now to the text of the AOM statute. New Jersey requires plaintiffs in medical malpractice cases to present an affidavit of merit before they can proceed with their case:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.
>
> In the case of an action for medical malpractice, the person executing the affidavit shall meet the requirements of a person who provides expert testimony or executes an affidavit as set forth in section 7 of P.L.2004, c. 17 (C.2A:53A-41). In all other cases, the person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.

N.J. Stat. Ann. § 2A:53A-27 ("section 27"). As relevant here, section 27 requires that "in the case of an action for medical malpractice, the person executing the affidavit shall meet the requirements of a person who provides expert testimony or executes an affidavit" pursuant to § 2A:53A-41 ("section 41").

Section 41, also known as the Patients First Act, elaborates on who may execute an affidavit of merit under section 27. As the Supreme Court of New Jersey has explained, section 41 "establishes qualifications for expert witnesses in medical malpractice actions" and "provides that an expert must have the same type of practice and possess the same credentials, as applicable, as

5

the defendant health care provider." *Meehan*, 216 N.J. at 231. Sections 41a and b set forth three categories of people who may execute an affidavit of merit under this "kind-for-kind" rule:

> (1) those who are specialists in a field recognized by the American Board of Medical Specialties (ABMS) but who are not board certified in that specialty;
>
> (2) those who are specialists in a field recognized by the ABMS and who are board certified in that specialty; and
>
> (3) those who are "general practitioners."

*Meehan*, 216 N.J at 232 (citing *Buck v. Henry*, 207 N.J. 377, 389 (2011)). Defendants argue this is the end of the line for Plaintiff: Fox, MD, is neither an APN nor a PT, *i.e.*, he is not of their "kind," and thus cannot submit an affidavit against them "to make a threshold showing that [Plaintiff's] claim is meritorious." *Buck*, 207 N.J. at 403. This procedural defect is one Defendants believe merits dismissal with prejudice.

However, the Supreme Court of New Jersey has not taken this view, and has held that section 41's protections only extend to defendant physicians. "The plain language of section 41 states that the like-qualified standards apply only to physicians." *Meehan*, 216 N.J. at 233. "[T]he enhanced credential requirements established under section 41 for those submitting affidavits of merit and expert testimony apply only to physicians in medical malpractice actions." *Id.* at 234. The moving Defendants are not physicians; section 41's heightened requirements therefore do not apply to them. *See also Smolinski v. Dickes*, 2017 WL 1833450, at *13 (N.J. Super. Ct. App. Div. May 8, 2017) (section 41 applies "only to physicians in medical malpractice actions, not nurses") (quotation and citation omitted).

As to the moving Defendants, Plaintiff's affidavit of merit must only satisfy Section 27 of the AOM statute, which requires an affiant to hold "an appropriate license" with demonstrated "particular expertise in the general area or specialty involved in the action." *Meehan*, 216 N.J. at

6

233. Dr. Fox has over 35 years of experience in orthopedics, the "general area" of Plaintiff's complaints. Defendants, for their part, were acting within that area of expertise. We find Dr. Fox's affidavit satisfies the screening requirements of the affidavit of merit statute, at least insofar as concerns his competency against the moving Defendants.

**IV.	CONCLUSION**

For the reasons above, Defendants' motion is **DENIED**.


Dated:   April 4, 2018                                                                          s/ Robert B. Kugler
                                                                                                                                 ROBERT B. KUGLER
                                                                                                                                 United States District Judge