UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTHONY CAGNINA,

    Plaintiff,

v.

GARY LANIGANI, et al.,

    Defendants.

Civ. No. 16-7253 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

    Plaintiff, Anthony Cagnina, is a state prisoner currently incarcerated at South Woods State Prison ("SWSP") in Bridgeton, New Jersey. He is proceeding with a civil rights complaint pursuant to 42 U.S.C. § 1983. Presently before the Court is Defendant, Dr. William Briglia's motion to dismiss. (ECF No. 87). For the reasons set forth below, the Court will GRANT Dr. Briglia's motion, and dismiss without prejudice, the federal claims against him.

### I.     BACKGROUND

    Since the parties are intimately familiar with the facts of this case, and because the Court reviewed the background of this action in its earlier Opinions (ECF Nos. 6 & 75), the Court will only articulate those facts necessary to address motion before the Court.

    This case arises from Plaintiff's medical treatment, or lack thereof, while incarcerated at SWSP, principally for his left shoulder and back pain. Plaintiff suffered from those afflictions prior to his commitment to SWSP on February 25, 2015. On February 27, 2015, Plaintiff advised staff of his diagnostic scans and current pain medications. According to Plaintiff, he complained to multiple staff members about his pain, but to no avail.

On May 12, 2015, Plaintiff went to St. Francis Medical Center to have heart stent surgery. He then returned to SWSP on May 14, 2015, where he remained at SWSP's extended care unit until December 20, 2015. While there, Plaintiff complained often about the pain in his left shoulder and back that made it hard for him to walk.

Plaintiff alleges that Dr. Briglia supervised the medical personnel at the extended care unit and then cleared Plaintiff to return back to general population on December 20, 2015. Thereafter, Plaintiff complained to a staff member about the long walk back to general population and that there was no way he could do it without assistance. Nevertheless, Plaintiff left the extended care unit that day and collapsed due to the pain in his back and legs while walking back to the general population unit. Plaintiff then received a wheelchair that day and has since been unable to walk or stand for more than seven minutes.

Plaintiff filed his initial Complaint, *pro se*, against Dr. Briglia and a number of other Defendants. Upon screening the Complaint, the Court, among other things, dismissed Plaintiff's federal claims against Dr. Briglia without prejudice for failure to state a claim on March 28, 2017. The Court found that the only specific allegation against Dr. Briglia, that he cleared Plaintiff to return back to general population, standing alone, failed to state a claim for deliberate indifference.

On January 31, 2018, Plaintiff filed an Amended Complaint that newly alleges the following, as to Dr. Briglia:

> By letter dated April 8, 2016, Plaintiff's criminal attorney, Glenn Kassman, Esq. wrote to Dr. William Briglia stating, in part, the following: "Plaintiff 's client has asked me to contact you on his behalf because he has been suffering from debilitating back pain for nearly a year and has not received adequate medical treatment. specifically, Mr. Cagnina says that he was given x-rays that showed "bone-on-bone" between his L-4 and L-5 vertebrae. Nevertheless, despite excruciating pain, the recommendation from a nurse practitioner was physical therapy. I am obviously not a trained medical professional, but in my opinion, physical therapy would

2

> seem to be contraindicated at least until the problem has been properly diagnosed and could potentially cause even more damage. I respectfully request your assistance, so that Mr. Cagnina's suffering can be relieved or at least reduced."

(ECF No. 62, at ¶ 59). The remainder of the Amended Complaint details Plaintiff's subsequent medical consultations, treatment, and history at SWSP and other locations, but pleads no further factual allegations against Dr. Briglia.

Dr. Briglia now moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 87). Dr. Briglia argues that Plaintiff has failed to plead facts sufficient to state a claim against him under 42 U.S.C. § 1983. Plaintiff filed an opposition, and Dr. Briglia filed a reply. (ECF Nos. 89 & 90).

## II. LEGAL STANDARD

In resolving a motion to dismiss for failure to state a claim, under Rule 12(b)(6), "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550

U.S. at 555). In addition to the allegations of the complaint, a court may consider matters of public record, documents specifically referenced in or attached to the complaint, and documents integral to the allegations raised in the complaint. *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 255 n.5 (3d Cir. 2004).

### III. DISCUSSION

Plaintiff brings his claims against Dr. Briglia pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Piecknick v. Com. of Pa.,* 36 F.3d 1250, 1255–56 (3d. Cir. 1994)).

It appears that Plaintiff seeks to raise a denial or delay of medical care claim under the Eighth Amendment against Dr. Briglia. For the delay or denial of medical care to rise to a constitutional violation, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility,* 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)).

More specifically, Courts have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse,* 182 F.3d at 197. Allegations of negligent treatment or medical malpractice, however, do not trigger constitutional protections. *Estelle v.*

4

*Gamble*, 429 U.S. 97, 105–06 (1976); *Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam).

Instead, Courts give deference to prison medical authorities in the diagnosis and treatment of patients and will not "second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979).

With those principles in mind, it is difficult to discern Plaintiff's precise argument in support of an Eighth Amendment violation. While at the prison's extended care unit, Plaintiff contends that he complained about his back pain to numerous medical providers and other Defendants at every opportunity, but not to Dr. Briglia (ECF No. 62, at ¶¶ 34–44). Then, on "December 20, 2015, Dr. William Briglia . . . cleared Plaintiff to leave ECU. Plaintiff was then ordered to walk from ECU to a general population housing unit." (*Id.* at ¶ 44). Although such phrasing makes it unclear who "then ordered" Plaintiff to walk to general population, the Court will assume that the order came from Dr. Briglia. It is also unclear, however, whether Plaintiff received the order verbally from Dr. Briglia or in writing, or if some other staff member conveyed that order to Plaintiff.

Plaintiff then "immediately explained" to an advanced practice nurse, Defendant Melissa Curtis, that it was "a very long walk from the ECU to [general population] and due to Plaintiff's spine[,] back and leg pains, it was not possible for Plaintiff to walk that far without some assistance." (*Id.* at ¶ 45). Defendant Curtis ignored Plaintiff's complaints, and Plaintiff collapsed while walking back to general population, which caused Plaintiff further injuries. (*Id.* at ¶ 46).

As a preliminary matter, the parties agree that the above allegations are identical to Plaintiff's allegations in the original complaint. (*compare* ECF No. 90, at 1, *with* ECF No. 89, at

4). As the Court has already determined that such allegations failed to state a claim of deliberate indifference against Dr. Briglia, the Court "need not revisit the adequacy of the Amended Complaint under the law of the case doctrine, which directs courts to refrain from re-deciding issues that were resolved earlier," except in unusual circumstances. *Valenti v. Maher Terminals LLC*, No. 14-7897, 2016 WL 3900766, at *3 (D.N.J. July 18, 2016); *see also Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 165 (3d Cir. 1982) ("Under the law of the case doctrine, once an issue is decided, it will not be relitigated in the same case, except in unusual circumstances."). Nevertheless, out of an abundance of caution, the Court will elaborate on how the above allegations fail to state a claim for deliberate indifference.

In the Court's view, Plaintiff's disagreement with Dr. Briglia as to whether Plaintiff should have left the extended care unit or received other treatments and diagnostic tests do not rise to the level of an Eighth Amendment violation. *See, e.g.*, *Lenhart v. Pennsylvania*, 528 F. App'x 111, 115 (3d Cir. 2013) (stating that allegations of negligent diagnosing and treatment, and mere disagreement as to proper medical treatment do not raise a constitutional claim); *Smith v. O'Boyle*, 251 Fed. App'x 87, 90 (3d Cir. 2007) (affirming dismissal of a complaint, "[b]ecause a disagreement as to the proper medical treatment for a prisoner is insufficient to establish an Eighth Amendment violation").

In light of Plaintiff's multiple treatments and evaluations at the extended care unit, the Amended Complaint demonstrates only a difference in opinion over the course of proper medical treatment, rather than a complete denial or delay of medical care—at least with regard to the allegations against Dr. Briglia. *See Rhines v. Bledsoe*, 388 F. App'x 225, 227 (3d Cir. 2010) (holding that a disagreement over whether prison staff should have "immediately ordered" a particular course of treatment did not constitute deliberate indifference). The Third Circuit has

held that when a "prisoner has received some medical attention and the dispute is over the adequacy of treatment" courts should not "second guess medical judgments and . . . constitutionalize claims which sound in state tort law." *U. S. ex rel. Walker v. Fayette Cnty., Pa.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979); *see also McCluskey v. Vincent*, 505 F. App'x 199, 203 (3d Cir. 2012) (finding that the question of whether "additional diagnostic techniques or forms of treatment . . . [are necessary] is a classic example of a matter for medical judgment . . . and does not represent cruel and unusual punishment" under the Eighth Amendment. (internal quotation marks omitted).

The Amended Complaint appears to imply that Dr. Briglia should have ordered other diagnostic techniques and treatment, rather than transfer Plaintiff to general population upon reviewing his file. Such allegations, however, present a matter of medical judgment, which might rise to the level of medical malpractice, but are insufficient to state an Eighth Amendment claim. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) ("Allegations of medical malpractice are not sufficient to establish a constitutional violation.").

In his brief, Plaintiff contends that Dr. Briglia "failed to act" even though he was regularly reviewing Plaintiff's records, "or should have been reviewing the records regularly, but did not." (ECF No. 89, at 7–8). The Amended Complaint does not, however, contain any *factual* allegations to that effect or allege how reviewing the contents of those records could lead to a claim of deliberate indifference.[1] The Court might reasonably infer that Dr. Briglia reviewed some documentation before clearing Plaintiff for transfer, but without an allegation as to the contents of

---

[1] Alternatively, if Dr. Briglia "did not" review the records and because there is no allegation that he became personally aware of Plaintiff's complaints, then Dr. Briglia's actions or lack thereof could not have constituted deliberate indifference. *Natale*, 318 F.3d at 582 (holding that deliberate indifference requires proof that a defendant "knows of and disregards an excessive risk to inmate health or safety.").

7

those records, the Court cannot reasonably infer that Dr. Briglia somehow violated Plaintiff's constitutional rights.

Plaintiff also vaguely alleges, without citation to the Amended Complaint, "that all of the defendants failed to act," (ECF No. 89, at 7), but bare conclusions or "a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. *Iqbal*, 556 U.S. at 678. If there is more to Plaintiff's claims against Dr. Briglia "he certainly has not gone to great pains to explain his theories to the Court."[2] *Turzanski v. Cty. of Burlington*, No. 15-8866, 2018 WL 5874073, at *4 (D.N.J. Nov. 9, 2018). Accordingly, for those reasons and under the law of the case doctrine, the Court finds that the allegations against Dr. Briglia, through December 20, 2015, fail to state a claim for deliberate indifference.

The only new allegation in the Amended Complaint is that Plaintiff's criminal attorney sent a letter to Dr. Briglia on April 8, 2016, requesting that the doctor review Plaintiff's case and course of treatment. Since Dr. Briglia allegedly received the letter after December 20, 2015, it could not have impacted his decision to release Plaintiff into general population. Nor is the letter sufficient[3] to set forth a claim for deliberate indifference, as the pleading fails to allege how or if

---

[2] Plaintiff briefly characterizes Dr. Briglia as a supervisor, but if Plaintiff seeks to raise a supervisor liability claim, Plaintiff fails to allege facts to explain that theory of liability. For example, Plaintiff fails to allege how Dr. Briglia, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). Nor does Plaintiff allege how Dr. Briglia "participated in violating [] rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in [his] subordinates' unconstitutional conduct." *Estate of Moore v. Cumberland Cty.*, No. 17-2839, 2018 WL 1203470, at *4 (D.N.J. Mar. 8, 2018).

[3] Plaintiff contends that he would be better able to plead facts against Dr. Briglia if Defendant University Correctional Health Care ("UCHC") "had answered . . . interrogatories more completely," but the question before the Court is whether the Amended Complaint states a claim against Dr. Briglia—not whether UCHC's discovery responses were responsive or whether Plaintiff could or should have filed a motion to compel.

Dr. Briglia responded to that letter. For example, there are no allegations that Dr. Briglia did nothing in response to that letter, denied or delayed treatment, or persisted in a course of treatment in the face of resultant pain to Plaintiff.

Such allegations would be necessary, as the remainder of the pleading details Plaintiff's subsequent medical consultations, treatment, and history at the prison and elsewhere, but pleads no further factual allegations against Dr. Briglia. Consequently, the Court finds that the new allegations against Dr. Briglia also fail to state a claim for deliberate indifference. Accordingly, the Court will dismiss Plaintiff's federal claims against Dr. Briglia without prejudice.

To the extent that Plaintiff is pursuing state law claims against Dr. Briglia, the Court will not exercise supplemental jurisdiction over such claims since the Court intends to dismiss Plaintiff's federal claims against Dr. Briglia. *See T.R. v. Cnty. of Delaware*, No. 13–2931, 2013 WL 6210477, at *8 (E.D. Pa. Nov. 26, 2013) (declining supplemental jurisdiction over plaintiff's state law claims against one defendant when there are no viable federal claims against that defendant despite the fact that plaintiff may have pled plausible claims against another defendant); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (holding that a court's exercise of supplemental jurisdiction over a claim is "purely discretionary"); *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009).

### IV. CONCLUSION

For the foregoing reasons, the Court will GRANT Dr. Briglia's motion and dismiss without prejudice Plaintiff's federal claims against Dr. Briglia. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Dr. Briglia.


DATED:  March 7,  2019                           _s/Robert B. Kugler
                                                               ROBERT B. KUGLER
                                                               United States District Judge