UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ANTHONY CAGNINA,

            Plaintiff,

v.                                                     Civil No. 16-7253 (CPO/MJS)

GARY LANIGANI, et al.,

            Defendants.

# REPORT AND RECOMMENDATION

This matter has been raised by the Court sua sponte after receiving notice from counsel for plaintiff Anthony Cagnina ("Plaintiff") on February 27, 2023, that Plaintiff passed away in October 2022. ECF No. 141.

Federal Rule of Civil Procedure 25 states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

Although it does not appear that Plaintiff's claims have extinguished upon his death,[1] because no motion for substitution

---

[1] See Webb v. City of Newark, Civ. No. 12–3592, 2015 WL 857850, at *4–5 (D.N.J. Feb. 27, 2015) (citing Robertson v. Wegmann, 436 U.S. 584, 588–89 (1978)).

pursuant to Rule 25 has been filed,[2] the Court recommends that Plaintiff's claims be **DISMISSED**.

Plaintiff, originally proceeding pro se, filed this complaint on October 14, 2016, pursuant to 42 U.S.C. § 1983, alleging that he received inadequate medical treatment while incarcerated in violation of the Eighth Amendment. ECF No. 1.

Plaintiff was appointed pro bono counsel on March 28, 2017 [ECF No. 7]. Plaintiff's current counsel, Harris S. Feldman, Esq. of Blume, Forte, Fried, Zerres, & Molinari entered an appearance on Plaintiff's behalf on January 22, 2021. ECF No. 107. On February 27, 2023, Plaintiff's counsel filed a letter with the Court advising that after being unable to contact Plaintiff by telephone and mail for some time, counsel retained an investigator to locate Plaintiff, who subsequently learned that Plaintiff had passed away in October 2022. ECF No. 141.

The Court convened a conference with counsel on March 20, 2023, to address next steps. ECF No. 142. Following the conference, to assist Plaintiff's counsel in determining whether Plaintiff had any next of kin, the Court entered an order on March 22, 2023, requiring: (1) counsel for Defendants to provide Plaintiff's

---

[2] The Court received notice of the statement of Plaintiff's death on February 27, 2023. ECF No. 141. Therefore, the deadline to file a motion for substitution was May 28, 2023. See ECF No. 143. However, the Court extended the deadline, pursuant to Federal Rule of Civil Procedure 6(b), to August 14, 2023, pending counsel's further efforts to locate a next of kin. ECF No. 146.

counsel with "the name(s) and contact information for Plaintiff's next of kin (or estate representative or executor)" to the extent Defendants had this information and had not already provided it to counsel during discovery; and (2) Plaintiff's counsel to notify the Court by April 28, 2023, of "the efforts taken to identify Plaintiff's next of kin (or estate representative or executor)" and whether those efforts were successful. ECF No. 143. The Court administratively terminated the case and noted that pending reasonable efforts by Plaintiff's counsel to locate Plaintiff's next of kin, if no motion for substitution was filed by May 28, 2023, the Court might recommend that this matter be dismissed consistent with Rule 25. Id.

On April 28, 2023, Plaintiff's counsel filed a letter and affidavit (as well as a certification by private investigator John J. Kuczynski) listing the extensive, albeit unsuccessful, efforts taken to locate Plaintiff's next of kin or estate representative.[3]

---

[3] These efforts included speaking with Plaintiff's neighbors, speaking with Plaintiff's landlord, conducting record searches with various government entities, and making social media inquiries. ECF No. 144-2 at 2. Mr. Kuczynski also spoke with Mr. James Rizzo, "an individual believed to have been handling [Plaintiff]'s affairs" and who "identified himself as [Plaintiff]'s close friend and the brother he never had." Id. at 2-3. Mr. Rizzo advised Mr. Kuczynski that "to the best of his knowledge [Plaintiff] had no surviving relatives including no siblings or children and was divorced after a short marriage, which may have been annulled." Id. at 3. Mr. Rizzo "financially supported [Plaintiff] by paying for his living expenses and was his emergency contact." Id. Mr. Rizzo "indicated that [Plaintiff] did not have any children and his parents were deceased." Id. at 8. This was

ECF No. 144. Then, on May 5, 2023, Plaintiff's counsel advised the Court that he "received new information by way of correspondence from the Ocean County Superior Court, Criminal Division" that in a 2015 pre-sentencing report, Plaintiff "identified four (4) siblings and provided their names and ages," but indicated that he had no contact with these individuals. ECF No. 145. Plaintiff's counsel requested sixty days to further "locate and make contact with [Plaintiff]'s siblings." Id.

On May 12, 2023, the Court granted Plaintiff's counsel an extension of time, until July 5, 2023, "to try and locate and make contact with Plaintiff's siblings." ECF No. 146 at 1. The Court ordered Plaintiff's counsel to provide the Court with an update "advising of the efforts taken to locate and make contact with Plaintiff's siblings to determine if any interested estate

---

confirmed by another friend of Plaintiff's that Mr. Kuczynski located, Silvia Guida. Id. at 7-8.

Mr. Kuczynski also contacted Ms. Michele M. De Liva, whose marriage to Plaintiff was annulled in 2022. Id. at 11. They had no children together, and she told the investigator that Plaintiff had no siblings and that she believed all of Plaintiff's family members were deceased. Id. Mr. Kuczynski then independently confirmed that any reported relatives of Plaintiff are deceased. Id. at 13.

Mr. Kuczynski also conducted "a next of kin inquiry" with the Florham Park, New Jersey Registrar's office (where Plaintiff's certificate of death had been filed), which was "unable to provide nor had any information on a next of kin." Id. at 4. Additionally, the Surrogate's Office in Warren County, New Jersey (where Plaintiff lived) had no records of Plaintiff, including of any related probate case. Id.

4

representative could prosecute the case and whether th[ose] efforts ha[d] been successful" by July 14, 2023. Id. at 2. The Court also noted that if no motion for substitution was filed by August 14, 2023, the matter might be dismissed. Id.

As ordered, on July 11, 2023, Plaintiff's counsel filed a letter update, which included a certification from Mr. Kuczynski indicating that he located and spoke with Plaintiff's two surviving half-siblings, Mr. Ronald Roland (on June 9, 2023) and Mr. Richard Roland (on June 16, 2023). ECF No. 147-1. They also confirmed that Plaintiff had no children and no other remaining family members. Id.

The Court notes that as of November 17, 2023, no motion for substitution has been filed. Plaintiff's counsel has taken significant measures, described herein, to locate Plaintiff's successor or representative, yet no such successor or representative has been found.[4] Further, to the extent that a half-sibling with whom Plaintiff had no relationship can even be next

---

[4] Rule 25(a)(1) states, "A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1) (emphasis added). Generally speaking, a person may qualify as a "successor" under Rule 25 if they are: "'(1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated; or (3) the primary beneficiary of an unprobated intestate estate which need not be probated.'" Rocco v. Bickel, Civ. No. 1:12-cv-0829, 2013 WL 4000886, at *2 (quoting In re Baycol Prods. Litig., 616 F.3d 778, 784-85 (8th Cir. 2010)).

5

of kin for purposes of Rule 25,[5] the Court notes that Plaintiff's half-siblings have not filed a motion for substitution since being notified of Plaintiff's passing. Rule 25 is clear that if no such motion is "made within 90 days after service of a statement noting the death, the action by or against the decedent <u>must</u> be dismissed." Fed. R. Civ. P. 25 (a)(1) (emphasis added). Accordingly, because more than 90 days have passed since the Court received the statement of Plaintiff's death, and more than 90 days have passed since Plaintiff's half-siblings were notified of Plaintiff's death, and no motion for substitution has been filed,

**IT IS** on this **17th day** of **November 2023**,

**RECOMMENDED** that Plaintiff's complaint be **DISMISSED** pursuant to Fed. R. Civ. P. 25(a)(1). Pursuant to Local Civil

---

[5] Courts have held that "the purpose of Federal Rule of Civil Procedure 25 is to allow more flexibility in substitution," and thus "a proper substituted party need not necessarily be the appointed executor or administrator of the deceased party's estate." <u>Rocco</u>, 2013 WL 4000886, at *2 (first citing <u>Rende v. Kay</u>, 415 F.2d 983, 984 (D.C. Cir. 1969; and then citing <u>Sinito v. U.S. Dep't of Just.</u>, 176 F.3d 512, 516 (D.C. Cir. 1999)). Notwithstanding this flexibility, "[i]t is axiomatic that Rule 25 limits properly substituted parties to those individuals who can adequately represent the interests of the deceased party." <u>Id.</u> (quoting <u>Sinito</u>, 176 F.3d at 516). Accordingly, courts must "'look at the facts and circumstances of each case and then determine whether the person [to be] substitute[d] will sufficiently prosecute or defend the action on the decedent's behalf.'" <u>Id.</u> at *3 (alterations in original) (quoting <u>Baycol Prods. Litig.</u>, 616 F.3d at 788). It is not clear to the Court, even if such a motion for substitution had been filed by Plaintiff's half-siblings, that they "can adequately represent the interests" of Plaintiff, considering their minimal contact with him over the years. <u>See</u> ECF No. 147-1.

Rule 72.1(c)(2), the parties have fourteen (14) days from the date of this Report and Recommendation to file and serve objections to the proposed findings and recommendations. Failure to timely object will result in the forfeiture and waiver of the right to appeal. See EEOC v. City of Long Branch, 866 F.3d 93, 100 n.3 (3d Cir. 2017).

s/ Matthew J. Skahill<br>
MATTHEW J. SKAHILL<br>
United States Magistrate Judge

cc:  Hon. Christine P. O'Hearn
     United States District Judge